IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TREVA BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00463-RK |
| ) | |
| LINCARE INC. ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's motion for reconsideration. (Doc. 47.) The motion is ripe for decision.[1] (Docs. 48, 54.)

On January 27, 2022, a discovery dispute teleconference was held in this case regarding, among other things, Plaintiff's Requests for Production ("RFP") numbers 10, 26, and 29. (Doc. 39.) On March 22, 2022, the Court held a status conference during which it overruled Defendant's objections to Plaintiff's RFP numbers 10, 26, and 29, memorializing its order as to these discovery requests in the Second Amended Scheduling and Trial Order entered January 31, 2022. (Doc. 44, 45.) The Order provided, in relevant part:

> Defendant's objections to Plaintiff's Requests for Production numbers 10, 26, and 29 are **OVERRULED.** Defendant Lincare Inc. is **ORDERED** to produce documents responsive to these requests as modified below on or before May 22, 2022.
>
> 10. Any documentation of Defendant's employees who communicated in writing to the Human Resources and/or Compliance Department about race discrimination and/or retaliation for making a complaint of race discrimination (for which the communication occurred in 2020, or the alleged race discrimination occurred in 2020, or the alleged retaliation for making a complaint of race discrimination occurred in 2020).
>
> . . . .
>
> 29. As to any employee of Defendant who, in 2020, was terminated (or encouraged to resign):
>
>   a. Any documentation reflecting the former employee submitted and/or

---

[1] Defendant did not file a reply brief and the time to do so has passed.

communicated (either verbally or in some type of writing) a "protected complaint" of any form of unlawful retaliation, to the Defendant's Human Resources and/or Compliance Department, and

b. Any documentation reflecting the former employee submitted and/or communicated (either verbally or in some type of writing) a "protected activity" (defined as making a request or disclosure that the law indicates cannot be the basis of an adverse employment action) to the Defendant's Human Resources and/or Compliance Department.

Defendant argues the Court should reconsider its rulings requiring Defendant to respond to Plaintiff's RFPs 10 and 29, which request personnel and investigation records on a companywide basis without any geographic limitation. (Doc. 47.) Defendant specifically argues (1) it did not have a fair opportunity to argue and present evidence in support of its objections because it did not have notice that the status conference was going to be a continuation of a prior discovery dispute hearing; (2) Plaintiff's RFPs 10 and 29, which seek companywide, nationwide discovery of 12,500 current and former employees working at 768 patient service centers throughout the country, are inappropriate in a single-plaintiff employment lawsuit; (3) Plaintiff's RFPs 10 and 29 are overly broad, unduly burdensome, and not proportional to the needs of the case, and would require Defendant to expend extraordinary human and financial resources; and (4) it would be a significant error to require Defendant to respond to Plaintiff's RFPs 10 and 29 (even as revised), and one that would severely and unfairly prejudice Defendant. (Doc. 48 at 1.)

In response, Plaintiff argues (1) it is unreasonable for Defendant to argue it was unprepared for the discussion of the outstanding discovery issues at the status conference because the only pending issue at the time was Defendant's objection to Plaintiff's RFPs and Defendant had served its amended responses to the RFPs the evening before the status conference, (2) due to the inconsistencies between the corporate representative deposition and the affidavit of Paula Adams, Defendant's head of employee relations and human resources services, the Court should not rely on the affidavit without further clarification and/or explanation, and (3) companywide discovery as to race and retaliation complaints is warranted in this case. Plaintiff argues "the decisions made with respect to Plaintiff were largely made by and through the corporate office," and those at the local level "simply carried through with what the corporate office wanted to do (i.e. terminate Plaintiff and not seriously investigate or address her race complaint)." (Doc. 54 at 10.) Plaintiff further contends that Defendant "(and specifically its corporate office and HR Department) have a company-wide practice of utilizing pretextual reasons (including alleged "compliance" violations)

2

to fire employees as a way to avoid having to seriously investigate protected complaints (such as Plaintiff's complaint of race discrimination) and/or as a mechanism to cover up the real (and discriminatory) reason for firing an employee." (*Id.*)

The Federal Rules of Civil Procedure do not expressly contemplate a "motion to reconsider." *Discount Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010) (citation omitted). Federal courts generally construe such a motion under either Federal Rules of Civil Procedure 59(e) or 60(b). *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). The Eighth Circuit has recognized whether under Rule 59(e)[2] or Rule 60(b),[3] a motion to reconsider is "analyzed identically." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 n.3 (8th Cir. 2006). Whether to grant relief under either Rule 59(e) or Rule 60(b) rests in the discretion of the district court. *Id.* at 933 & 935. Neither, however, is an avenue to merely re-assert arguments or raise issues of law that were previously asserted before the district court. *See Id.* at 933 ("Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . [and] cannot be used to introduce new evidence . . . or raise arguments which could have been offered or raised prior to entry of judgment") (cleaned up); *Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) (holding district court did not abuse its discretion in rejecting Rule 60(b) motion that "did nothing more than reargue . . . the merits of their claim").

Nationwide or companywide discovery, though generally not allowed in employment cases, is allowed where a showing of particular need for the requested information is made. *Semple v. Fed. Exp. Corp.*, 566 F.3d 788, 794 (8th Cir. 2009). For example, where an employee was terminated due to a corporate-level decision only implemented at the company's local level, companywide discovery has been held appropriate. *Id.* (citing *Finch v. Hercules Inc.*, 149 F.R.D. 60, 62 (D. Del. 1993)).

Here, Defendant had fair opportunity to argue and present evidence in support of its objections at the prior discovery dispute hearing and to address further concerns with opposing counsel between that time and the status conference. Plaintiff's RFPs 10 and 29, as modified, are

---

[2] Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

[3] Rule 60(b) states: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud[,] . . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief."

not inappropriate in this employment lawsuit given the particular theory of Plaintiff's case, including that decisions regarding Plaintiff and others with protected complaints were made by the corporate office and HR department and only implemented at the local level. Plaintiff's RFPs 10 and 29 are not overly broad, unduly burdensome, or not proportional to the needs of the case. Requiring Defendant to respond to Plaintiff's RFPs 10 and 29, as revised, will not severely and unfairly prejudice Defendant.

After review of the record and careful consideration, the Court finds Defendant has not shown mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; any manifest error of law or fact; or any proper basis for relief under Rules 59(e) or 60(b).

Accordingly, Defendant's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

Dated: May 23, 2022